## No. 12,815.

COLLINS *v.* THURINGER ET AL.

(21 P. [2d] 709)

Decided April 17, 1933.

434

Mr. J. H. RICHARD, for plaintiff in error.

Mr. PERRY D. ROSE, Mr. CARL CLINE, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS case presents the question of priority between an attorney's lien and a garnishment.

On February 1, 1923, the district court of Denver rendered judgment for $697.95 in favor of W. R. Cline and against Edyeth Villaume, later known as Edith Thuringer. On December 30, 1929, the same court, in case No.

101,275, rendered judgment for $700 in favor of Edith Thuringer and against Charles W. Thuringer. W. Penn Collins acted as Edith Thuringer's attorney in that case. The day after the rendition of that judgment, Cline took out execution on his judgment and caused a garnishment summons to be served upon Thuringer, who promptly answered that he was indebted to Edyeth Villaume on the $700 judgment obtained by her, as Edith Thuringer, against him in case No. 101,275. On January 11, 1930, the court rendered judgment for $740 against the gar-- nishee, Thuringer, and in favor of Edith Thuringer for the use and benefit of Cline. On January 17, 1930, Collins filed in case No. 101,275, a statement claiming an attorney's lien for $750, $350 being for services rendered in that case and $400 being for legal services in connection with other matters. On January 30, 1930, Thuringer filed in case No. 101,275 a petition seeking determination of the rights of all persons claiming interests in the judgment obtained by Edith Thuringer against him. Collins, in his answer to the petition, asserted his lien, claiming that it is prior and superior to the right acquired by Cline by virtue of the garnishment proceeding. The court decreed that the garnishment judgment obtained by Cline is senior, superior and paramount to the attorney's lien claimed by Collins; and, as there were two judgments on the same demand in favor of Edith Thuringer and against Charles W. Thuringer, one in the main case, the other in the garnishment proceeding, the court decreed that the former was satisfied and that it be cancelled and held for naught.

 1. An attorney who obtains a judgment for his client has a lien on the judgment for his fee in obtaining the same. C. L. 1921, §6010. The notice that the statute provides " may" be filed with the clerk of the court is not a prerequisite to the validity of the lien. As between attorney and client, the lien is valid without notice. *Clark v. O'Donnell*, 68 Colo. 279, 187 Pac. 534. In the former statute (G. S. 1883, §85) there was no provision

permitting an attorney to file a notice of his lien claim and making it constructive notice thereof, an omission that, in *Fillmore v. Wells,* 10 Colo. 228, 235, 15 Pac. 343, we said was unfortunate. If a judgment debtor, without notice that the attorney intends to enforce his lien, should make a bona fide settlement of the judgment, or if an innocent third person, without such notice, should purchase the fruits of the judgment or should acquire an interest in the judgment, the attorney's lien would be lost. *Davidson v. Board of County Commissioners of La Plata County,* 26 Colo. 549, 555, 59 Pac. 46; *Fillmore v. Wells, supra.* The provision in section 6010, Compiled Laws of 1921, concerning notice is intended to give constructive notice, so as to preserve the attorney's lien in the event that the judgment debtor should settle the judgment without having actual notice of the lien claim, or some third person, without having such actual notice, should acquire an interest in the judgment or in its proceeds.

█ █ When the garnishment summons was served on Thuringer, Edith Thuringer was the owner of a judgment against the garnishee, but that judgment was subject to the valid, subsisting attorney's lien of Collins. By his garnishment, Cline secured Edith Thuringer's interest, and no more than her interest, in the judgment. That interest, as we have seen, was burdened with the attorney's lien. In *Clatworthy v. Ferguson,* 72 Colo. 259, 264, 210 Pac. 693, we quoted with approval this statement in 28 C. J. 255: ''A garnishment proceeding cannot displace prior valid and bona fide existing rights and claims against the debt or property involved.'' It also is said in 28 C. J. 255: ''Whether a garnishment right is prior to other liens or claims upon the debt or property pursued ordinarily depends upon whether it is prior in time. * * * Plaintiff in garnishment does not stand in the position of a purchaser in good faith and for value, but is in no better position than a purchaser or an assignee with notice.'' As Cline was in no better position than a pur-

chaser or assignee with notice, the fact that at the time of the garnishment Collins had not filed a notice pursuant to the statute did not make the garnishment prior to the attorney's lien.

The attorney's lien of Collins is prior and superior to the right acquired by Cline in the garnishment proceeding.

2. What was the extent of the attorney's lien? Collins claims that his lien not only secures his fees in obtaining the judgment in case No. 101,275, but also secures a general balance due him for services performed for Edith Thuringer in various matters not at all connected with that litigation. To sustain his contention, he relies upon *Fillmore v. Wells, supra.* The law recognizes two classes of attorney's liens; a general, retaining or possessory lien, and a special, particular or charging lien. The former attaches to all papers, books, documents, securities and money coming into an attorney's possession in the course of his professional employment. The attorney has a right to retain them in his possession until the general balance due him for legal services is paid, whether such services grew out of the special matters then in his hands, or other legal matters. The right to the special, particular or charging lien, on the other hand, rests, not on possession, but on the equity of an attorney to be paid his fees and disbursements out of the judgment obtained as a result of his service and skill. 2 R. C. L. p. 1063, 1069; 6 C. J. p. 765, et seq. There is a clear distinction between the two classes of liens. It is said that a failure to distinguish between them has led to confusion, not to say conflict, in the decisions. 2 R. C. L. p. 1063.

*Fillmore v. Wells, supra,* relied upon by Collins to sustain his claim to a lien for a general balance due him for services rendered in matters not connected with the suit, was decided under the former statute, G. S. 1883, section 85. The decision was that under that statute the attorneys were entitled to a lien, not only on the money

adjudged to their clients but also on the realty recovered in the suit, for the reasonable value of their services in procuring the judgment. In discussing the attorney's lien statute then in force, the justice writing the opinion used the following language, quoted by Collins: "Our statute recognizes both the general and special branches of the attorney's lien as it was enforced at the common law * * *. It reaches all fees due for services rendered, whether the amount of such fees has been agreed upon, or is to be settled in suit as upon *quantum meruit*. Nor is it limited to compensation for services rendered by the attorney in procuring the judgment upon which he relies. In this respect it is more comprehensive than the mechanic's lien; it covers a balance legally due him for any and all professional services theretofore rendered his client." As the attorneys, plaintiffs in that case, were not seeking a lien for services other than those rendered in the suit in which they obtained judgment for their clients, that language went beyond the requirements of the case, and covered a situation not presented by the record.

An examination of the present statute, passed in 1903 (C. L. 1921, §§6010, 6011), which differs in some particulars from the former statute, leads us to the conclusion that, while the provisions concerning the two classes of liens are not so clearly separated as might be desired, it was not the intention of the Legislature to abolish the well-established distinction between the two classes of liens, and to create a lien upon a judgment and its proceeds to secure the payment of attorney's fees earned in matters not at all connected with the suit in which the judgment is rendered. Collins' claim for a lien to secure a general balance for services rendered in other matters was properly disallowed.

The judgment is reversed, with the direction to the trial court to decree Collins a lien on the judgment in case No. 101,275, to secure his fees earned in procuring that judgment, and to decree said lien to be prior and

superior to the rights acquired by Cline in the garnishment proceeding.