In the Matter of FORREST A. HEATH
COMPANY, Inc., Bankrupt.

John J. GAUDIO, Trustee, Petitioner,

v.

DONALDSON, HOFFMAN and GOLD-
STEIN, Respondent.
No. 18492.

United States District Court
D. Colorado.
Feb. 17, 1958.

Herbert W. DeLaney, Jr., Denver,
Colo., for trustee.

James J. Delaney, Denver, Colo., for
claimants.

Donald E. Kelley, U. S. Atty., Robert
S. Wham, Asst. U. S. Atty., Denver,
Colo., for creditor.

ARRAJ, District Judge.

This is a petition for review of the findings and order of the Referee in Bankruptcy allowing the claim of Donaldson, Hoffman and Goldstein as an attorney's lien.

Separate petitions for review of that order were filed by the trustee and by the United States, a creditor.

At the opening of the hearing, claimant moved in open court to dismiss the petition for review of the United States on the grounds that a petition for review could only be filed by the trustee. The Court reserved its ruling on that motion.

Although the Court's decision on the basic issue in this case makes it unnecessary to determine claimant's motion to dismiss the petition of the United States for review, the Court feels that it may be of benefit for future guidance to determine the matter.

Title 11 U.S.C.A. § 67, sub. c, provides as follows:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest. July 1, 1898, c. 541, § 39, 30 Stat. 555; June 22, 1938, c. 575, § 1, 52 Stat. 858."

However, the above provision has not been interpreted to permit every person interested in bankruptcy proceedings to petition for review. The general rule appears to be as stated in Collier on Bankruptcy, Volume II, Pages 1480–1481:

"Even where a pecuniary interest exists, however, the right to petition for review may be limited in the interests of convenience and expediency. Accordingly, it is almost uniformly held that while a creditor may obtain a review upon an adverse ruling against his own claim, the trustee alone may petition for review of the allowance of claims by a referee where the general creditors' interest is affected. (Citing In re Mexico Hardware Co., D.C.N.M., 197 F. 650, 28 Am.Bankr.Rep. 736, and other cases.) The argument usually advanced to justify this ruling is that 'if it be conceded that any creditor aggrieved by the referee's ruling may move against it, either before him or before the court, the result may be such a succession of motions or petitions as to be practically interminable. The policy of the Bankruptcy Act, which is designed to the speedy conclusion of insolvency cases, is that such proceeding shall be prosecuted by the trustee, who represents all of the creditors rather than by such individual creditors.' "

If the trustee had refused to file the petition for review in the instant case, the United States, as a creditor, could have sought the aid of the Court by requesting an order directing the trustee to proceed on an order permitting the United States to act in its own name. In re Mexico Hardware Co. supra.

Because the trustee in the instant case did petition for review in apt time, the interests of the United States as a creditor were fully protected. Its petition for review should be dismissed.

With respect to claimant's claim for an attorney's lien, the Referee made a preliminary memorandum opinion and order concerning it on April 9, 1957; subsequently and on May 16, 1957, a further hearing was had on the claim and on

June 19, 1957, the Referee entered his order sustaining the claim.

The Referee in Bankruptcy has certified the following question:

"Did the Referee err, upon the evidence heard and considered by him, in finding and concluding, as a matter of law, that the claimants—Donaldson, Hoffman & Goldstein—had a valid attorneys' lien, allowable and enforceable in bankruptcy, and in so ordering?"

The facts are substantially as follows:

In January, 1954, claimant was retained by the bankrupt to perform certain legal services, which services were largely aimed at extricating the bankrupt from the precarious financial position in which it found itself. That position largely being caused by the fact that bankrupt owed approximately $57,000, which obligation was secured by a deed of trust on its real estate and a chattel mortgage on its equipment, machinery and inventories. As a result of the transaction through which that debt was incurred, the lenders (Gould and Stein) and their attorney were on salaries aggregating nearly $20,000 per year.

No suit was ever filed by claimant on behalf of said bankrupt; however claimant did negotiate a settlement by which settlement the bankrupt conveyed to the lenders (Gould and Stein) the real estate covered by the trustee, being of the approximate value at that time of $35,000; and they obtained a release of the chattel mortgage covering the equipment, machinery and inventories. Also, the lenders and their attorney were removed from the bankrupt's payroll. This settlement was consummated on or about April 6, 1954. For those services, together with a small amount of other legal services, claimant charged the bankrupt $5,000; bankrupt made payments on that amount aggregating $1,728.75, leaving an unpaid balance of $3,271.25.

The machinery, equipment and other property covered by the chattel mortgage above referred to never came into the possession of the claimant; both before and after the release of the chattel mortgage, the said property remained in the possession of the bankrupt, and it was retained in said bankrupt's possession until possession was taken by the trustee.

No judgment was ever obtained on behalf of the bankrupt by the claimant and no notice of a claim of attorney's lien was ever filed by claimant. The property in question was sold by the trustee and the proceeds thereof are in his hands to be disbursed as he may be directed by the Court.

On December 28, 1955, claimant wrote the bankrupt concerning the account and in that letter no mention was made of an attorney's lien. On or about May 17, 1956, claimant's assignee prepared a complaint and summons, by which complaint judgment was claimed against the bankrupt and certain individuals on an account stated; it is admitted that this account stated was for the attorneys' fees in question. Copies of the complaint and summons were served on the bankrupt but the action itself was never filed in Court. Bankrupt filed its petition in bankruptcy on July 24, 1956.

On these facts, the Referee found as a matter of law:

"That in performing said services and recovering said property for the bankrupt, claimant brought itself within the provisions of Chapter 12–10–1 (sic) and 12–1–11 Colorado Revised Statutes of 1953 and thereby acquired an attorney's lien on the property so recovered by claimant's service; * * *."

■ It is clear that an attorney's lien exists either by State statute or by common law; and the Federal Courts have consistently applied the law of the State in determining whether or not an attorney's lien exists in a given situation. Sharar v. Pollia, 10 Cir., 1951, 191 F.2d 116; German v. Universal Oil Products Co., 8 Cir., 1935, 77 F.2d 70; Sun Life Assurance Co. of Canada v. Casanova, 1 Cir., 1919, 260 F. 449; Turner v.

Woodard, 1 Cir., 1919, 259 F. 737; Cain v. Hockensmith Wheel & Car Co., C.C. Pa.1907, 157 F. 992; Gregory v. Pike, 1 Cir., 1895, 67 F. 837, appeal dismissed Gregory v. Van Ee, 160 U.S. 643, 16 S.Ct. 431, 40 L.Ed. 566; Gregory v. Pike, 163 U.S. 688, 16 S.Ct. 1202, 41 L.Ed. 311; Gregory v. Van Ee, 164 U.S. 703, 17 S.Ct. 994, 41 L.Ed. 1183; De La Paz v. Coastal Petroleum Transport Co., D. C.N.Y.1955, 136 F.Supp. 928; In re Hoy's Claim, D.C.Mass.1950, 93 F.Supp. 265; United States v. Guaranty Trust Co. of New York, D.C.N.Y.1945, 60 F.Supp. 103, modified on other grounds 2 Cir., 161 F.2d 571, certiorari dismissed 332 U.S. 753, 68 S.Ct. 81, 90 L.Ed. 340; certiorari denied 332 U.S. 807, 68 S.Ct. 106, 92 L.Ed. 385; Cooper v. McNair, D.C.Fla.1931, 49 F.2d 778; Albright v. Baltimore & O. R. Co., D.C.N.Y.1927, 22 F.2d 832.

Therefore, if claimants are entitled to an attorney's lien in the instant case, such a lien must be based on the Colorado law. Colorado has two statutory provisions pertaining to attorney's liens, namely: C.R.S.1953, 12–1–10 and 12–1–11. C.R.S.1953, 12–1–10 provides as follows:

"Attorney's lien—notice of claim filed—All attorneys and counselors at law, shall have a lien on any money, property, choses in action, or claims and demands in their hands, and on any judgment they may have obtained, or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit, for any fees or balance of fees, due or to become due from any client. And in the case of demands in suit, and in the case of judgments obtained in whole or in part by any attorney, such attorney may file with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client, or clients, which notice, duly entered of record, shall be notice to all persons and to all parties, including

the judgment creditor, and all persons in the case against whom a demand exists, and to all persons claiming by, through or under any person having a demand in suit or having obtained a judgment, that the attorney whose appearance is thus entered has a first lien on such demand in suit, or on such judgment for the amount of his fees; but such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action."

C.R.S.1953, 12–1–11 provides:

"Other property to which lien attaches.—An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment and upon money due to his client in the hands of the adverse party in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

■■ It will be noted from the above statutory provision that attorneys have two kinds of liens peculiar to them in their relationship with their clients. One is a lien which he has upon all the papers of his client in his possession by virtue of which he may retain all of such papers until full payment is made for his services. That is called a "retaining lien". An attorney also has a lien upon any money, property, choses in action or claims and demands in his hands and on any judgment he may have obtained, and that is denominated a "charging lien." It is the latter kind of lien which we are concerned with in this case.

The above enactment, 1953 C.R.S. 12–1–10, may be more easily considered broken into sections as follows:

1. All attorneys and counselors at law, shall have a lien on any money, property, choses in action, or claims and demands in their hands.

Claimants do not have nor have they ever had any of the property in their possession upon which they are claiming attorney's lien. Therefore, they are not entitled to a lien on the subject property under the above section.

2. All attorneys and counselors at law shall have a lien on any judgment they may have obtained or assisted in obtaining in whole or in part, due or to become due from any client.

No judgment was ever obtained by claimant in the present case, and therefore the above section is not applicable.

3. All attorneys and counselors at law shall have a lien on any and all claims and demands in suit, for any fees or balance of fees due or to become due from any client.

In order to determine the applicability of the above quoted section, the words "in suit" must be carefully considered and understood.

The following language appears in 40 Words and Phrases, Suit, page 638, "The term 'suit' is a very comprehensive one, and is said to apply to any proceeding in a court of justice by which an individual pursues that remedy which the law affords him. The modes of proceeding may be various; but, if the right is litigated between the parties in the court of justice, the proceeding is a suit." Citing Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449; Weston v. City Council of Charleston, 2 Pet. 449, 464, 27 U.S. 449, 464, 7 L.Ed. 481; Upshur County v. Rich, 135 U.S. 467, 10 S.Ct. 651, 653, 34 L.Ed. 196 and other cases. Also 21 Words and Phrases, In Suit, at page 703 reads as follows:

"In Suit

"A claim is not 'in suit' before a justice until he has issued summons thereon and delivered the same to an officer to be served, or by the appearance and agreement of the parties without summons and the case docketed within the meaning of Code 1906, § 2084, authorizing a justice to receive money only when tendered to him on any claim in a suit before him. State ex rel. v. Wells, 59 S.E. 743, 744, 63 W.Va. 25."

Bouvier's Law Dict., Rawle's Third Revision, defines "suit" as follows:

"Suit is a generic term of comprehensive signification, and applies to any proceeding in a court of justice in which the plaintiff pursues, in such court, the remedy which the law afford him for the redress of an injury or the recovery of a right. McPike v. McPike, 10 Ill.App. 332, 333."

■ From the foregoing it does not appear that the claimant would be entitled to a lien because there never was an action commenced in a court of justice.

4. And in the case of demands in suit, and in the case of judgments obtained in whole or in part by any attorney, such attorney may file with the clerk of the court wherein such cause is pending, notice of his claim as lienor.

Of course, inasmuch as no suit was ever commenced by claimant, no such claim as lienor could have been or ever was filed.

■ Where an attorney's right to a lien exists by virtue of a statute, such right cannot be extended beyond the fair intendment of such statute. United States v. Guaranty Trust Co. of New York, supra; Scott v. New York, C. & St. L. R. Co., 7 Cir., 1947, 159 F.2d 618, certiorari denied 331 U.S. 844, 67 S.Ct. 1534, 91 L.Ed. 1864.

■ It should be noted in passing that there is no authority in Colorado for an equitable lien apart from this statute,[1] and that this is in accord with the general rule that " * * * where a charging lien is created by statute the

1. See Fillmore v. Wells, 1887, 10 Colo. 228, 15 P. 343, in which the Court, referring to a prior version of the same statute, clearly indicates that no attorneys' lien exists apart from the statute.

right to the lien exists only in cases specifically provided for by such statute." 7 C.J.S. Attorney and Client § 211, p. 1143 and cases cited.

The above definition and interpretation of the term "in suit" is strengthened by the language of the Colorado Supreme Court in Collins v. Thuringer, 1933, 92 Colo. 433, 21 P.2d 709, 710, where the Court considered the relationship of the above statute to a claim not in suit. In that case, an attorney's lien was claimed on the judgment for the amount due in obtaining the judgment and also for general services. The Court expressly rejected the latter claim, saying,

> " * * * (I)t was not the intention of the Legislature to abolish the well-established distinction between the two classes of liens (i. e. retaining liens and charging liens), and to create a lien upon a judgment and its proceeds to secure the payment of attorney's fees earned in matters not at all connected with the suit in which the judgment is rendered. Collins's claim for a lien to secure a general balance for services rendered in other matters was properly disallowed."

If a lien is not allowed for services in connection with matters that did not go to suit where a subsequent judgment was recovered for the same client, it would clearly be inconsistent to allow the lien to attach where there was no subsequent judgment.

No Colorado case has been called to the Court's attention and none has been found by the Court where an attorney's "charging" lien was allowed to attach prior to the commencement of the suit.

Certainly, attorneys should be compensated for their services; however a lien cannot be created by the mere fact that an attorney is entitled to be paid for his services. To allow the lien in the instant case would be to give this creditor (claimant) a preferred position which the applicable law does not intend.

It is the opinion of the Court that claimant in the present case was not entitled to an attorney's lien on the property. Therefore, the question certified by the Referee in Bankruptcy is answered in the affirmative.

Accordingly, the matter is remanded to the Referee in Bankruptcy to proceed in accordance herewith.