In re Kendra Louise RANES, Debtor.

Kendra Louise RANES, Plaintiff,

v.

Donald S. MOLEN, Arthur C. Ranes, Paul G. Quinn, Trustee, State of Colorado, Defendants.

Bankruptcy No. 83 J 1072.

United States Bankruptcy Court, D. Colorado.

June 24, 1983.

William D. Nelsch, Denver, Colo., for debtor/plaintiff.

Donald S. Molen, pro se.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for trial on the Debtor's Complaint to Avoid Lien under 11 U.S.C. § 522(f). Even though the Attorney General for the State of Colorado was properly notified that a state statute was being challenged as unconstitutional, he made no appearance and did not file an answer or brief. The Trustee in the bankruptcy estate herein filed an Answer and Objection, but did appear. Defendant Arthur C. Ranes did not file an answer and did not appear.

On or about September, 1980, the Debtor retained Defendant Molen to represent her in a dissolution of marriage and child custody proceeding involving her now ex-husband, Defendant Ranes. Dissatisfied with Molen's representation, about two years later the Debtor retained new counsel. On September 7, 1982, there was a state court hearing concerning the reasonableness of the legal fees Molen charged the Debtor. After that hearing, the Debtor was approached by her husband and his attorney with a proposed agreement that would provide for spousal maintenance, child support and property settlement. The Debtor signed that agreement which provided, generally, that she was to receive $750.00 per month as child support for her three children for two years, and $1,000.00 per month thereafter. And she was to receive $750.00 as spousal maintenance for two years. On or about November 5, 1982, Molen filed a Notice of Attorney's Lien with the State Court under the provisions of § 12–5–119 and § 12–5–120, C.R.S.1973. At trial the parties were in agreement that this attorney's lien attached only to the spousal maintenance to be received by the Debtor and not to the child support.

The Debtor argues first that § 13–54–107, C.R.S.1973, [the Colorado "opt-out" statute allowed by 11 U.S.C. § 522(b)(1) ] is unconstitutional because it specifically excludes any federal bankruptcy or non-bankruptcy exemptions to which she would have otherwise been entitled, e.g. 11 U.S.C. § 522(d)(10)(D) which provides for an exemption of alimony, maintenance or support.

Next, argues the Debtor, the lien allowed to attorneys under § 12–5–119, C.R.S.1973, is a "judicial lien" under 11 U.S.C. § 101(27) and not a "statutory lien" under 11 U.S.C. § 101(38). The Debtor's arguments are unpersuasive on both issues.

### I.

This Court has previously upheld the constitutionality of the Colorado "opt-out" statute in the case of *In re Parrish,* 19 B.R. 331 (Bkrtcy.Colo.1982) when it was attacked, basically, because it did not provide identical exemptions for debtors, or exemptions that were at least as favorable for debtors, as those set forth in 11 U.S.C. § 522(d). Debtor, here, makes the same attack by arguing that because Colorado does not provide an exemption for alimony or support, then the state statute is unconstitutional. As pointed out in *In re Parrish, supra,* "... although Colorado's scheme is not identical to 11 U.S.C. § 522(d), it is quite close." 19 B.R. at 335. In accordance with the ruling in that case, it is the opinion of this Court that the Colorado law is in conformity with the intent of Congress to provide a "fresh start" to debtors, notwithstanding the fact that Colorado does not provide an exemption for alimony and support.

Colorado's "opt-out" statute reads as follows:

13–54–107. Exemptions in bankruptcy. The exemptions provided in section 522(d) of the federal bankruptcy code of 1978 (Title 11 of the United States Code), as amended, are denied to residents of this state. *Exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly*

*provided by the statutes of this state.* [Emphasis added.]

Debtor argues that because of the wording in the portion of that statute emphasized, *supra,* the statute is unconstitutional on its face because it deprives debtors of those federal exemptions referred to as "nonbankruptcy exemptions", *i.e.,* those not contained in 11 U.S.C. § 522(d). (*See* Appendix, *In re Parrish, supra,* at p. 337 for a listing of those nonbankruptcy exemptions).

But both the title to § 13–54–107 and the first sentence of that section refer to those bankruptcy exemptions listed in 11 U.S.C. § 522(d). Had Colorado intended to deny debtors the federal nonbankruptcy exemptions, it could well have listed the titles and sections of the United States Code in the same manner as it referenced § 522(d). It did not. It is this Court's opinion that Colorado did not intend to deny the federal nonbankruptcy exemptions to debtors in this State, nor could Colorado deny those exemptions to its citizens. Those exemptions are specifically reserved to all debtors in 11 U.S.C. § 522(b)(2)(A). Thus, the federal nonbankruptcy exemptions are available to Colorado debtors regardless of whether or not this State exercised its option under 11 U.S.C. § 522(b)(1).

## II.

But even assuming that Debtor is correct in her argument *supra* and is entitled to claim an exemption under 11 U.S.C. § 522(d)(10)(D) she is not entitled to avoid the attorney's lien under 11 U.S.C. § 522(f) because said lien is "statutory."

11 U.S.C. § 101(38) defines a "statutory lien" as a ". . . lien arising solely by force of a statute on specified circumstances or conditions . . . but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."

Section 11 U.S.C. § 101(27) defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

Section 12–5–119, C.R.S.1973, which grants attorneys a lien in Colorado reads as follows:

All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. . . ."

■ Under Colorado law there is no common law attorney's lien and no lien exists apart from the statute. *In re Forrest A. Heath Co.,* 159 F.Supp. 632 (D.Colo.1958), *aff'd sub nom Donaldson v. Gaudio,* 260 F.2d 333 (10th Cir.1958).

The statute grants attorneys two types of liens: (1) a possessory lien on all the papers of his client in his possession; and (2) a "charging lien" on any judgment he may have obtained. *In re Forrest A. Heath Co., supra.* The charging lien is the type we are concerned with in this case.

■ The charging lien attaches to all the fruits due a client after a suit is commenced, and it attaches immediately upon the obtaining of the judgment. The lien, as between the attorney and the client is automatic and nothing more need be done to cause the lien to be enforceable against the client. If the attorney files a notice with the court, the lien then becomes enforceable against third parties. *Dolan v. Flett,* 41 Colo.App. 40, 582 P.2d 694 (1978).

Thus, such a lien is not "obtained" by a judgment, levy, sequestration, or other legal or equitable process or proceeding, but rather arises solely by force of a statute on specified circumstances or conditions, *i.e.* the entitlement to the fruits of a suit accruing to a client. There is no legal or equitable process or proceeding necessary to determine whether or not an attorney is entitled to this lien before it attaches, although the client can obtain a judicial hearing after attachment if he objects to the lien or to the extent and amount of the lien.

And, of course, if the attorney wishes to *enforce* the lien after it has attached, he must initiate a civil proceeding either in the case which gave rise to the lien or in an independent action. *Gee v. Crabtree,* 192 Colo. 550, 560 P.2d 835 (Colo.1977). Therefore, it is this Court's opinion that under 11 U.S.C. § 101, an attorney's lien in Colorado in a "statutory" and not a "judicial" lien, which cannot be avoided by a debtor under 11 U.S.C. § 522(f).

Based on the foregoing, it is

ORDERED that the within Complaint be, and hereby is, dismissed, with prejudice, each party to bear its own costs.