In re **STORAGE TECHNOLOGY CORPORATION, Debtor.**

**BENDER & TREECE, P.C., Movant,**

v.

**STORAGE TECHNOLOGY CORPORATION,**
Respondent.

Bankruptcy No. 84 B 05377 G.
Motion No. 1130J43.

United States District Court,
D. Colorado.

Jan. 7, 1985.

As Amended Jan. 8, 1985.

Paul G. Hyman, Jr., Holme, Roberts & Owen, Denver, Colo., for Storage Technology Corp., debtor.

Matthew D. Skeen, Skeen & Skeen, Denver, Colo., for Bender & Treece, P.C., movant.

## ORDER

ROLAND J. BRUMBAUGH, District Judge.

THIS MATTER came on for hearing December 17, 1984, on a Motion for Relief from Stay by Bender & Treece, P.C., to allow movant to perfect and otherwise enforce its attorneys' lien.

■ Debtor, Storage Technology Corporation ("STC"), filed a Chapter 11 proceeding under the U.S. Bankruptcy Code on October 31, 1984. At the time the petition was filed, Debtor was Plaintiff in a civil action proceeding in State Court. Bender & Treece, P.C., were retained on March 31, 1984, to represent STC in that civil action. In consideration for said services, STC agreed to advance certain costs. The outstanding balance for the legal services performed and costs advanced by Bender & Treece in connection with this civil action, as of October 31, 1984, totals $7,187.30. A settlement agreement was reached in this action, although its execution was delayed because of the bankruptcy. Subject to Notice of Creditors, Debtor is to receive approximately $15,000.00.

On November 12, 1984, STC relieved Bender & Treece of any further responsibility in that civil action. On November 13, 1984, Bender & Treece filed its Notice of Attorneys' Lien in the civil action and served it upon the parties to that action.

§§ 12–5–119 and 120 C.R.S. (1973) which grants attorneys a lien in Colorado states:

All attorneys and counselors at law shall have a lien on any money, property, choses in actions, or claims and demands in their hands, or any judgment they may have obtained or assisted in obtaining in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client.

Counsel for Bender & Treece argues that since an attorneys' lien is equitable in nature, it is only equitable to allow a notice of lien to be filed for perfection. This Court strongly disagrees. Case law strongly supports the proposition that an attorneys' lien is statutory, *Ranes v. Molen*, 31 B.R. 70 (Bankr.Colo,1983). *In re Forrest A. Heath Co.*, 159 F.Supp. 632 (D.Colo.), *aff'd sub nom. Donaldson vs. Gaudio*, 260 F.2d 333 (10th Cir.1950). Under Colorado law, an attorneys' lien does not exist apart from the statute. 11 U.S.C. § 101 (45) defines a "statutory lien" as a ... "lien arising solely by force of statute on specified conditions or circumstances ...". The attorneys' lien arises solely by force of a statute on specified conditions, *i.e.*, the entitlement to the fruits of a suit or settlement accruing to the client. *Ranes vs. Molen, supra* at 72.

As between Debtor and attorney, the attorneys' lien is automatic and nothing more need be done to cause the lien to be enforceable. *See Dolan v. Flett*, 41 Colo. App. 40, 582 P.2d 694 (1978). "The lien attaches to all the fruits due a client after a suit is commenced and it attaches immediately upon the obtaining of a judgment." *Ranes v. Molen, supra* at 72. The filing of a notice of attorneys' lien does not affect, whatsoever, the enforceability of this lien as between STC and Bender & Treece. Conversely, against third parties, the lien only becomes enforceable if the attorney files a notice with the Court.

Bender & Treece violated the automatic stay provisions of 11 U.S.C. § 362, when it filed its Notice on November 13, 1984. Filing a notice of attorneys' lien was an act intended "to ... perfect or enforce against property of the Debtor [a] lien ... which secure[s] a claim that arose before the commencement of the case", 11 U.S.C. § 362(a)(5). Perfection of an attorneys' lien as to third parties is not retroactive so as to trigger § 546(b) and exempt the "act" of filing from the automatic stay under § 362(b)(3). Thus, the notice is void and the lien is neither enforceable nor perfected against third parties.

The valid and enforceable lien between STC and Bender & Treece could be avoided pursuant to § 545(2).

The trustee may avoid the fixing of a statutory lien on property of the debtor

to the extent that such lien—(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists."

As of October 31, 1984, the lien would not have been perfected nor enforceable against a bona fide purchaser of the fruits of that civil suit had a purchaser existed.

 The Debtor-in-Possession stands in the shoes of the Trustee and may exercise this avoidance power. However, this would require the filing of an adversary proceeding under B.R. 7001.

The Court, thus, can find no cause to grant the relief requested, *i.e.;* modification of the automatic stay to allow perfection and otherwise enforce Movant's attorneys' lien. It is, therefore,

ORDERED that relief from stay to perfect movant's attorneys' lien is denied.

FURTHER ORDERED that any action taken to satisfy said lien without application to this Court out of the proceeds to be received by Debtor would constitute willful violation of the automatic stay.