Richard A. KALLSEN and Carol Kallsen, d/b/a Kallsen Dairy, Plaintiffs–Appellants,

v.

BIG HORN HARVESTORE SYSTEMS, INC., a Colorado corporation and A.O. Smith Harvestore Products, Inc., a Delaware corporation, Defendants,

and

Agristor Credit Corporation, Intervenor–Appellee,

And Concerning Law Offices of E. Gregory Martin, P.C., Lien–Claimant–Appellant.

No. 86CA1315.

Colorado Court of Appeals, Div. I.

Aug. 18, 1988.

**292**

E. Gregory Martin, Wilfred R. Mann, Boulder, for plaintiffs-appellants.

Boatright and Boatright, Thomas R. Ripp, Wheat Ridge, for intervenor-appellee.

REED, Judge.

Plaintiffs, Richard A. and Carol Kallsen, and their attorney, E. Gregory Martin, appeal from an order of the district court holding that Martin's attorney's lien does not include costs advanced by him on behalf of the Kallsens. We reverse.

Plaintiffs obtained a judgment against Big Horn Harvestore Systems, Inc., and A.O. Smith Harvestore Products, Inc. Big Horn did not appeal from the judgment and deposited the full amount of the judgment against it with the clerk of the district court. Attorney Martin filed a notice of attorney's lien pursuant to § 12–5–119, C.R.S. (1985 Repl.Vol. 5).

Thereafter, intervenor Agristor Credit Corporation served a writ of garnishment on the clerk of the district court with respect to the Kallsens' judgment. The garnishment was based on a judgment Agristor had obtained against the Kallsens in United States District Court. The trial court ruled that Martin's attorney's lien had priority over Agristor's garnishment to the extent of Martin's fees. However, the court held that unreimbursed costs of the litigation advanced by Martin were not included in his attorney's lien. The Kallsens and Martin contend that this latter holding was erroneous. We agree.

No attorney's lien exists apart from statute. *In re Marriage of Rosenberg,* 690 P.2d 1293 (Colo.App.1984). Martin's lien is a charging lien authorized by § 12–5–119, C.R.S. (1985 Repl.Vol. 5). A charging lien can be asserted, *inter alia,* on any judgment the attorney may have obtained or assisted in obtaining, in whole or in part.

The source of the current § 12–5–119 was a statute passed in 1903. *See* Colo. Sess.Laws 1903, ch. 71, § 1 at 145. That statute has been reenacted without substantive revision since that time. As interpreted by our supreme court, the right to the charging lien under this statute rests "on the equity of an attorney to be paid his fees *and disbursements* out of the judgment obtained as a result of his service and skill." *Collins v. Thuringer,* 92 Colo. 433, 21 P.2d 709 (1933) (emphasis added).

Even under an earlier, less comprehensive attorney's lien statute, our supreme court construed the lien as being "more complete and satisfactory than it is at the common law. The statutory lien is not limited to costs, or to *taxable* fees. It reaches all fees due for services rendered...." *Fillmore v. Wells,* 10 Colo. 228, 15 P. 343 (1887) (emphasis in original). In *Fillmore,* the court further stated that the "attorney's lien, in so far as it relates to judgments, may be accurately defined as a right conferred by statute, or recognized by the common law, to have his compensation *or costs,* or both, directly secured by the fruits of the judgment." (emphasis added)

The construction placed on a statute before reenactment is deemed to have been approved by the General Assembly. *Creacy v. Industrial Commission,* 148 Colo. 429, 366 P.2d 384 (1961). Hence, under the holdings in *Thuringer* and *Fillmore,* an attorney's lien filed pursuant to the present statute encompasses costs advanced by an attorney on behalf of his client. Thus, the trial court here erred in holding that Martin's attorney's lien does not include unreimbursed costs advanced by Martin on behalf of the Kallsens.

The order is reversed and the cause is remanded to the district court for determi-

nation and award of the unreimbursed costs advanced by Martin.

PIERCE and STERNBERG, JJ., concur.