After the rendition of decision on the motion for a preliminary injunction herein and affirmance by the court of errors and appeals, the cause came on regularly for final hearing and was decided, so far as it relates to the defendant Rose Zucker, by dismissing the bill. There is another aspect of the bill in which relief is sought against other defendants, and upon that the final hearing has not been concluded. The questions involved in the suit against Rose Zucker have been completely covered, so far as I am able to accomplish it, by the opinion in this cause reported in 98 N.J. Eq. 167 (not yet officially reported). It would appear that the convenience of the court of errors and appeals will be served by including that opinion as well as this memorandum in the printed case. The only additional authorities that were submitted on the final hearing were Caplan v.Palace, c., Co., 110 Atl. Rep. 584; 2 Tiff. Real Prop. §571, and some cases from other states. After reading Caplan
v. Palace, c., Co., supra, I am *Page 707 
of the same opinion that I expressed last summer. The case to which reference is made does not, so far as my reading of the opinion reveals, refer in any way to the constructive notice arising from tenancy in a building such as the one involved in the case at bar. I also feel that the reference to Tiffany is inapplicable, for the same reason, and the citations from the courts of our sister states are not directly in point. In Boyer
v. Chandler, 160 Ill. 394, the decision was per curiam, no authorities are cited, no argument given, and is at variance with the reasons herein expressed.
I will advise a decree, so far as the defendant Rose Zucker is concerned, dismissing the bill and leaving the same, so far as it prays for relief from other defendants, in the exact status it occupied at the close of the first day's session of the final hearing.