489 P.2d 607 (1971)
SHAMROCK LAND AND CATTLE COMPANY, Plaintiff-Appellee,
v.
Harold K. HAGEN and Mary H. Hagen, Defendants-Appellants.
No. 70-424.
Colorado Court of Appeals, Div. II.
October 5, 1971.
*608 Allen, Mitchell & Rogers, William H. Allen, Thomas W. Metcalf, Fort Collins, for plaintiff-appellee.
Fischer & Beatty, Ward H. Fischer, Robert N. Miller, Fort Collins, for defendants-appellants.
Selected for Official Publication.
DUFFORD, Judge.
This case arises from the judgment which was entered on a petition for an injunction filed by the appellee, Shamrock. In its petition Shamrock, in substance, asked the trial court to enjoin the Hagens, appellants, from interfering with Shamrock's use of a small reservoir and its outlet headgate which were situated on land owned by the Hagens. By way of answer and counterclaim, the Hagens sought dismissal of Shamrock's petition and also asked that their title be quieted to the headgate and reservoir in question and to all lands which they claimed.
Both parties claim under or through deeds emanating from a common grantor named Butler. The deed from Butler under which Shamrock claims is dated January 6, 1966, and was recorded February 3 of that year. It conveys land situated essentially southward and downslope from the land which Butler later conveyed to the Hagens, and there is included in its grant to Shamrock "water rights, water, ditch, ditch rights, reservoir and reservoir rights appurtenant to or used in connection with" the lands described in the deed.
Butler's deed to the Hagens bears a date of January 24, 1966, and was recorded January 25, 1966. It described a land area of approximately 108 acres, including that land upon which the disputed reservoir and headgate are located together "with all water rights used in connection with said premises or pertinent thereto." The Hagen deed is made subject to "existing rights of way."
Because of the general nature of the language in these deeds concerning water rights and water structures, it was the judgment of the trial court that the deeds were ambiguous, and it ruled that extrinsic evidence would be admitted during trial to clarify the effect of the deeds in such regard.
The evidence presented at trial was without conflict from the standpoint of establishing that prior to the execution of the deeds the reservoir in question had been in existence for several years and had been utilized by Butler for the purpose of building a head of water above the subject headgate. The headgate had been used solely for the purpose of regulating the flow of water onto the lands purchased by Shamrock.
At the conclusion of the trial, the trial court found that the Hagens had notice of the reservoir and headgate and of the fact that these water structures existed for the purpose of irrigating the land owned by Shamrock. The trial court then held, in effect, that these structures represented easements to which Shamrock's land was the exclusive dominant estate and to which the Hagens' property was servient. The Hagens were enjoined from interfering with Shamrock's exclusive use of such easements, and Hagens' title to their property was quieted subject, generally, to existing easements and, specifically, to the rights confirmed in Shamrock by the terms of the trial court decree.
The Hagens have appealed such findings and judgment, asserting that the deeds from Butler were not ambiguous and that the trial court erred in admitting extrinsic evidence concerning their intended effect with respect to the transfer of ownership to the water structures involved in this case. The Hagens also assert that the trial court erred in not holding the reservoir and headgate to be an appurtenance to their land ownership. They challenge its *609 finding that they had notice of the rights now held by Shamrock in the reservoir and headgate. Finally they charge that the trial court should have quieted their title to a portion of their land without making any exception as to certain easements which might have existed prior to the date of their deed. These contentions must all be rejected for the following reasons:

I.
Considering that there was a common grantor to the deeds in question and that the purpose of the deeds was to divide what had previously been a unified and undivided ownership, the provisions in the two deeds concerning appurtenances to, or burdens upon, the land respectively conveyed were ambiguous. Under the circumstances, neither deed is fully definitive on its face of the quality and extent of the estate which it passes. Where such is the case, it is proper in this jurisdiction that a trial court attempt to determine a document's total effect by reference to extrinsic circumstances and objects. Daum v. Conley, 27 Colo. 56, 59 P. 753; Pipe v. Smith, 4 Colo. 444; and see American Mining Co. v. Himrod-Kimball Mines Co., 124 Colo. 186, 235 P.2d 804. This was the purpose for which the trial court in this case correctly admitted and considered parol evidence concerning what the parties to the deeds intended would be either appurtenances to or burdens upon the lands conveyed in the deeds.

II.
Upon the basis of the evidence before it, the trial court was also correct in determining that the reservoir and its headgate represented easements upon the Hagens' land which existed for the benefit of the Shamrock lands and which, consequently were appurtenances to Shamrock's land. There is substantial evidence within the record that historically these structures served and benefited the land which Shamrock purchased. It is obvious from the trial court's findings, which are in turn supported by evidence, that it regarded the structures as existing exclusively for the benefit of Shamrock's land. We will not disturb that determination on appeal. Andersen-Randolph Co. v. Taylor, 146 Colo. 170, 361 P.2d 142.
In view of the fact that these water structures were found to constitute easements for the exclusive benefit of Shamrock's land, it necessarily follows that they were appurtenant to that land, not to that of the Hagens. The fact that they were physically located on the Hagens' land does not, as the Hagens argue, make the water structures corporeal hereditaments appurtenant to their land. Under the facts of this case, the reverse is true. Here it was established to the trial court's satisfaction that the reservoir and headgate had been historically used solely for the benefit of Shamrock's land, and that they were reasonably necessary for the use and enjoyment of that land. Consequently, they represented incorporeal rights as to Shamrock's land and easements appurtenant to that land. As such, they would normally pass as an incident to that dominant property in the event of grant, and would represent a burden upon the servient Hagen property where they were physically located. Union Falls Power Co. v. Marinette County, 238 Wis. 134, 298 N.W. 598. Under the evidence developed at trial, they were not embraced within the title the Hagens received in their deed from Butler but, rather, they represented a limitation or burden upon that title.
These conclusions as to property ownership, made first by the trial court, and now affirmed here, run only to the water structures themselves. Contrary to the Hagens' claim, they do not represent an attempt to adjudicate water rights.

III.
The trial court's conclusion that the Hagens took their title with notice of the easements which were appurtenant to Shamrock's land must also be upheld. The *610 record contains uncontradicted evidence that, prior to the purchase of their land by the Hagens, the water structures had long been used for the purpose of irrigating the land Shamrock acquired, and that one year in advance of the transfer to the Hagens a predecessor in title to Shamrock had entered into exclusive possession of that divided portion of the land which Shamrock purchased and had openly utilized the water structures for the sole benefit of that land. Additionally, the Hagens' deed specified that the title passed thereby was subject to existing rights of way. From these facts, alone, the trial court was justified in holding that the Hagens were put upon a duty of inquiry and that they, therefore, had constructive notice of the easements. Davis v. Pursel, 55 Colo. 287, 134 P. 107. In the face of such duty and the notice implied therefrom, questions concerning the respective dates as to the recording of the deeds in question pursuant to the provisions of C.R.S.1963, 118-6-9, become immaterial under the terms of the statute itself.

IV.
We also hold that the trial court was correct in limiting the Hagens' decree quieting title to a portion of the land involved in this case by making it subject to roads, if any, which might have existed on that land prior to the year 1966. Consideration of the evidence pertaining to this matter reveals significant uncertainty as to whether the land in question was or was not affected by roadways, and there was, therefore, a justifiable basis for the court's making such limitation in its decree. If the roadways in fact existed, the Hagens' ownership was legally subject to them. If they did not exist, the wording in the decree excludes nothing from their ownership.
Judgment is affirmed.
DWYER and PIERCE, JJ., concur.