**No. C-1439**

**Abe R. Cohen, Sam E. Cohen, Irene P. Cohen and Betty Cohen v. Thomas & Son Transfer Line, Inc.**

(586 P.2d 39)

Decided October 23, 1978.

Berenbaum, Weinberger & Susman, Stephen T. Susman, for petitioner.

Willis Carpenter, Andrew S. Klatskin, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Parties to this appeal are Thomas & Son Transfer Line, Inc., the lessee, and the Cohens who purchased the leased premises from the lessors. The district court denied the lessee's claim for specific performance of a right of first refusal against the Cohens. The Colorado Court of Appeals reversed. 40 Colo. App. 150, 574 P.2d 107 (1977). We granted certiorari, and now affirm.

The question is whether the Cohens, who had constructive notice of the lessee's tenancy, had a duty to inquire of the lessee concerning the lessee's rights in the leased property.

In 1968, the lessors, who are not parties to this appeal, leased 10 contiguous lots to the lessee for five years at a monthy rental of $400. The lease contained provisions regarding holding over, a right of first refusal and an option to renew. The latter two provisions were typewritten below other printed provisions of the lease. It was never recorded.

After the lease expired on May 1, 1973, the lessee retained possession and continued to pay rent. No discussion occurred concerning any extension or renewal of the lease, but the lessee agreed to pay $550 per month beginning November 1, 1973. Throughout, the entire property was used by the occupant as a truck terminal.

On July 26, 1974, the lessors sold the leased property, together with four additional lots, to the Cohens. The lessee first learned of the sale on August 5, 1974, and protested both to the lessors and the Cohens.

Prior to their purchase of the property, the Cohens were aware of the lessee's tenancy and questioned the lessors about the existence of a lease. The lessors responded that the written lease had expired and that the

lessee had a month-to-month tenancy. The Cohens did not ask to see the expired lease, nor did they question the lessee directly.

The trial court concluded that, since the lease did not require notice to the lessor, the lessee had exercised its option to renew by remaining in possession and continuing to pay rent after May 1, 1973. The court of appeals agreed.

The parties disputed whether the right of first refusal provision was part of the renewed leasing agreement. The district court held that, since the first refusal option was embodied in a typewritten provision set off by parentheses which was separate from the rest of the lease terms, it consequently was not renewed along with the other terms of the tenancy. The court of appeals reversed, stating that where a lease provides that its extension or renewal is to be on the same terms and conditions as were in the original lease, the renewal extends a right of first refusal option.

■ Since the parties have not appealed the decision that the lease was renewed in its entirety, the only remaining question is whether the Cohens took title subject to the lessee's right of first refusal. The notice provisions of the Colorado recording statute provide:

"All . . . instruments . . . affecting the title to real property . . . may be recorded in the office of the county clerk and recorder . . . and no such instrument or document shall be valid as against any class of persons with any kind of rights, except between the parties thereto and such as have notice thereof . . . ." Section 38-35-109, C.R.S. 1973.

Both courts below correctly determined that the lessee's possession put the Cohens on constructive notice of the terms of the lessee's tenancy. *Cook v. Hargis,* 164 Colo. 368, 435 P.2d 385 (1967). Having such notice, the Cohens took title subject to any rights of the lessee which reasonable inquiry would have revealed. Section 38-35-109, C.R.S. 1973; *Shamrock Land & Cattle Co. v. Hagen,* 30 Colo. App. 127, 489 P.2d 607 (1971).

The Cohens' reliance upon *Plew v. Colorado Lumber Products,* 28 Colo. App. 557, 481 P.2d 127 (1970), for the proposition that the Colorado recording statute requires actual rather than constructive notice is misplaced. In reference to a context where actual notice was the only type of notice at issue, the court of appeals did say in *Plew* that the statute required actual notice. However, *Shamrock Land & Cattle Co. v. Hagen, supra,* is more relevant to the facts of the instant case. It clearly demonstrates that "notice" in the statute refers to both constructive and actual notice.

Under these circumstances, we conclude that reasonable inquiry would have included inquiry of the lessee who was the sole tenant in possession. *Keck v. Brookfield,* 2 Ariz.App. 424, 409 P.2d 583 (1965). We do not agree with the Cohens' contention that the prospective purchaser with constructive notice has a duty to inquire concerning only possessory rights.

■ The rule that prospective purchasers must inquire of lessees in possession as to their rights does not have universal application. Exceptions typically have been applied in cases where possession was consistent with record title; where the tenant occupied only part of the leased property or the tenant's possession was not sufficiently visible to put a prospective purchaser on inquiry notice; and where various equitable defenses were pertinent. *Schlegal v. Kinzie,* 158 Okla. 93, 12 P.2d 223 (1932); *Scott v. Woolard,* 12 Wash. App. 109, 529 P.2d 30 (1974); *Feld v. Kantrowitz,* 98 N.J. Eq. 167, 130 A. 6 (1925), *aff'd* 99 N.J. Eq. 706, 134 A. 920 (1926). The exceptions pertain to issues not presented by this case. We note them to show that the proper parties and the scope of inquiry may vary according to circumstances.

■ Neither do we have a situation involving multiple tenants. Here, the lessee as the sole tenant was the proper party of whom to inquire. The Cohens had actual knowledge of the lessee's possession for 13 years and did not avail themselves of an opportunity for inquiry when they inspected the leased premises shortly before they purchased the property.

We conclude that, having notice of the tenancy by virtue of the lessee's possession, the Cohens had a duty to inquire of the lessee concerning its rights in the leased property. They take subject to all rights which would have been revealed by reasonable inquiry, including the lessee's right of first refusal.

Judgment affirmed.

MR. JUSTICE PRINGLE does not participate.