Ernest L. WIMMER, d/b/a W.W. Auctions & Real Estate, Plaintiff,

v.

Donna Sue JENKINS, Defendant-Appellee,

and

The Department of Revenue, State of Colorado, Defendant-Appellant.

No. 84CA0478.

Colorado Court of Appeals, Div. III.

June 6, 1985.

Wood, Herzog, Osborn & Bloom, P.C., Charles S. Bloom, Fort Collins, for defendant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellant.

METZGER, Judge.

In an interpleader action brought by plaintiff, Ernest L. Wimmer, d/b/a W.W. Auctions & Real Estate, the Colorado Department of Revenue (Department) appeals the summary judgment entered in favor of Donna Sue Jenkins. We reverse and remand for further proceedings.

On March 1, 1981, R/C Trotta, Inc., a Colorado corporation, entered into a limited partnership agreement with Donna Sue Jenkins. The limited partnership was organized to form and operate a restaurant and lounge, R.T.'s Brass Pig, Ltd. The partnership agreement provided that the general partner, R/C Trotta, Inc., would employ Ronald C. Trotta as its general manager and director of entertainment, and Jenkins, the limited partner, "shall have a first chattel mortgage" to secure her capital contribution for furniture, fixtures, furnishings, and equipment. To perfect her interest Jenkins filed a financing statement with the Secretary of State on March 11, 1981.

On June 30, 1982, pursuant to her security agreement, Jenkins seized and auctioned all the furniture, fixtures, furnishings, and equipment of R.T.'s Brass Pig, through Ernest Wimmer, d/b/a/ W.W. Auctions & Real Estate. W.W. Auctions was served with a notice of lien and garnishment by the Department in order to collect past due sales and withholding taxes, owed by "Ron Trotta-R.T.'s Brass Pig, Ltd." W.W. Auctions initiated an interpleader action and deposited the disputed funds in the district court for Larimer County.

The trial court granted summary judgment in favor of Jenkins, finding that "Ron Trotta is a separate and distinct entity from the limited partnership, R.T.'s Brass Pig, Ltd., as well as its principals R/C Trotta, Inc. and Donna Sue Jenkins." It held that, since the property sold had belonged to the limited partnership, the Department, as creditor of the "individual" Ron Trotta, had no claim against the property.

On appeal, the Department contends that under §§ 39–26–117(1)(a) and 39–22–604(7), C.R.S. (1982 Repl.Vol. 16B), its sales and wage withholding tax liens are entitled to priority over Jenkins' security interest in the partnership property, and, therefore, the trial court's summary judgment in favor of Jenkins was error. We agree.

■ The statutes creating the liens for delinquent sales and withholding taxes were in effect when the limited partnership was entered into and when Jenkins' security interest was perfected. Accordingly, they became part of the partnership and security agreements by operation of law. *B.K. Sweeney Electrical Co. v. Poston*, 110 Colo. 139, 132 P.2d 443 (1942). Thus, in *ITT Diversified Credit Corp. v. Couch*, 669 P.2d 1355 (Colo.1983), interpreting § 39–26–117(1)(a) C.R.S. (1984 Repl.Vol. 16B), concerning sales taxes and § 39–22–604 C.R.S. (1984 Repl.Vol. 16B), concerning withholding taxes, our supreme court held that liens for state sales and withholding taxes are a first and prior lien upon the goods and business fixtures of the taxpayer and have a priority over a perfected security interest.

■ Jenkins argues that the trial court correctly found that, since Ron Trotta as an individual had no interest in R.T.'s Brass Pig, Ltd., the Department as creditor of Ron Trotta had no claim against the property of R.T.'s Brass Pig, Ltd. The record shows, however, that the Department asserted its lien against "Ron Trotta-R.T.'s Brass Pig". Sales and withhold-

**1328**

ing liens run to the property and not to the person; therefore, Jenkins, as recipient of the proceeds from the sale of the property, must first apply those proceeds to pay the taxes. *ITT Diversified Credit Corp. v. Couch, supra.* Moreover, since the Department's lien notice clearly identifies the property which is the subject of its liens, the references to Ron Trotta, individually, are, at most, surplusage.

Consequently, the trial court erred in granting summary judgment in favor of Jenkins.

The judgment is reversed and the cause is remanded with directions to accord the Department priority on its tax liens.

STERNBERG and TURSI, JJ., concur.