Mark ARNOVE, Plaintiff-Appellant,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF TARPON SPRINGS, FLORIDA, a United States Banking Corporation, Defendant-Appellee.

No. 83CA0893.

Colorado Court of Appeals, Div. II.

Aug. 29, 1985.

Rehearing Denied Oct. 3, 1985.

Certiorari Denied (Arnove) Feb. 10, 1986.

Goluba & Goluba, Nicholas W. Goluba, Jr., Glenwood Springs, for plaintiff-appellant.

Duthie & Tate, Robert C. Duthie, III, Durango, for defendant-appellee.

BERMAN, Judge.

Plaintiff, Mark Arnove, appeals the entry of summary judgment in favor of defendant, First Federal Savings & Loan Association of Tarpon Springs, Florida, on his claims of tort and breach of contract. We affirm.

The facts material to this appeal are undisputed. On January 30, 1980, in a foreclosure proceeding initiated by defendant, the public trustee of La Plata County held a sale of two condominium units. Defendant, having the highest bid of $110,002.17, received a certificate of purchase for the foreclosed property. On March 14, 1980, plaintiff and defendant entered into a contract wherein plaintiff agreed to purchase and defendant agreed to sell the foreclosed property for $140,000. The closing was to have taken place on May 1, 1980.

The contract contained the following contingency provision:

"CONTINGENCY. It is understood that seller has acquired the property pursuant to certain foreclosure proceedings and that the equity of redemption in favor of the former owner has not expired. Approximately 30 days remain within which the former owner may redeem the subject property. This contract is expressly contingent upon the failure of the former owner to redeem within the time permitted by law. In the event the former owner should redeem the property in the manner and within the time provided by law, then all earnest monies advanced by buyer shall be returned to buyer and all parties relieved from further obligations hereunder."

Prior to the closing date, the property was redeemed by an assignee of a junior lienor, and on April 24, 1980, defendant assigned a certificate of purchase to this redemptioner.

Thereafter, plaintiff filed an action seeking damages from defendant under alternative theories of tort and breach of contract. Both parties filed cross-motions for summary judgment. Defendant sought summary judgment against plaintiff on both claims, and plaintiff sought summary judgment against defendant on his alternative claim for breach of contract. The trial court entered summary judgment in favor of defendant on both claims.

Plaintiff argues that summary judgment in favor of defendant was improper because the contract was contingent only upon redemption by the former owner and not by junior lienors. We disagree.

The right of redemption by lienors arises by operation of law. See § 38–39–103, C.R.S. Under § 38–39–103, C.R.S., a lienor has an opportunity to redeem only after the time of redemption by the owner of the foreclosed property, or by any person who might be liable upon a deficiency, has expired. The lienor's right to redeem can be cut off only if the property is redeemed by the owner or other qualified person under § 38–39–102, C.R.S., or if the lienor fails to give the required notice of intention to redeem.

The statutes governing redemption were in effect when plaintiff and defendant entered into the contract. Accordingly, these provisions became part of the contract by operation of law. See *B.K. Sweeney Electrical Co. v. Poston,* 110 Colo. 139, 132 P.2d 443 (1942); *Wimer v. Jenkins,* 703 P.2d 1326 (Colo.App.1985); *Denver & Rio Grande Western R.R. v. Winter Park Recreational Ass'n,* 708 P.2d 1376 (Colo.App.July 11, 1985). Thus, the absence of an express contingency in the contract relating to redemption by junior lienors does not require reversal of the trial court's summary judgment since the results complained of by the plaintiff are presumed to have been contemplated by

the parties when the contract was formed. *B.K. Sweeney Electrical Co. v. Poston, supra.*

■ We are not persuaded by plaintiff's argument that he was unaware of the existence of any lien claimants. Under the pertinent recording statute, a person is deemed to have constructive notice of any instrument encumbering the title to real property once the document has been recorded in the office of the county clerk and recorder of the county where such real property is situated. *See Cohen v. Thomas & Son Transfer Line, Inc.,* 196 Colo. 386, 586 P.2d 39 (1978); *see also* § 38–35–109, C.R.S. Thus, it was incumbent upon the plaintiff, especially where the contract noted that the former owner's period of redemption had not yet expired, to check for any recorded encumbrances against the property that would affect the contract between the parties.

Plaintiff's remaining contention is without merit.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.