**ENERWEST, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**DYCO PETROLEUM CORPORATION, a Minnesota corporation, Defendant and Third Party Plaintiff-Appellant,**

v.

**William T. SPEARS and Clara A. Spears, Third Party Defendants-Appellees.**

No. 84CA0043.

Colorado Court of Appeals, Div. III.

Feb. 27, 1986.

Brownstein, Hyatt, Farber & Madden, Kenneth R. Bennington, Harlan S. Abrahams, Denver, for plaintiff-appellee.

John D. Lawyer, Glenwood Springs, for defendant and third party plaintiff-appellant.

Reams, Kaye & Alvillar, Warren F. Reams, Grand Junction, for third party defendants-appellees.

KELLY, Judge.

Defendant, Dyco Petroleum Corp., seeks review of a judgment quieting title to an easement in plaintiff, Enerwest, Inc., and denying defendant's third-party complaint against William and Clara Spears for restitution of the purchase price of the easement. We affirm in part and reverse in part.

This case concerns a road which traverses property formerly owned by the Spears and which provided the sole access to a pair of gas wells under development by Dyco on an adjacent parcel. Dyco improved the road, and in early 1981, negotiated with the Spears for the purchase of an easement along it.

On May 8, 1981, Enerwest's predecessor in interest, Mizel Land Co., entered into a receipt and option contract for the purchase from the Spears of a parcel of land including the road. This contract was not recorded. On August 20, the Spears executed an agreement which purported to convey an easement for use of the road to Dyco, in exchange for a $7,000 payment. Dyco recorded the agreement on August 21.

On August 24, the closing date of the receipt and option contract, Mizel learned of the easement. After lengthy negotiations with the Spears, Mizel decided to close the contract and accept from the Spears a warranty deed which excepted the easement from its warranty provisions.

After Mizel conveyed its interest to Enerwest, Enerwest brought a C.R.C.P. 105 action to quiet title to the easement against Dyco. Dyco, in turn, filed a third-party claim against the Spears for restitution of the contract price.

At trial, William Spears and the agent of Dyco who dealt with him each testified that during negotiations on the sale of the easement Spears stated that the property was to be sold on August 24, but that he did not specifically mention an executory contract. The trial court granted the relief sought by Enerwest, finding that Dyco had constructive notice of the unrecorded contract with Enerwest, and denied Dyco's claim against the Spears.

I.

On appeal, Dyco first contends that, inasmuch as the trial court found that Dyco had only constructive knowledge of the unrecorded contract between the Spears and Mizel, it erred in determining that Dyco took the easement subject to that contract. We disagree.

Section 38–35–109, C.R.S. (1982 Repl.Vol. 16A) states that unrecorded instruments affecting title to real property are invalid "except between the parties thereto and such as have notice thereof." Facts sufficient to put a purchaser upon a duty of inquiry are sufficient constructive notice to satisfy the notice requirement of § 38–35–109. *See Cohen v. Thomas & Son Transfer Line, Inc.*, 196 Colo. 386, 586 P.2d 39 (1978); *Shamrock Land & Cattle Co. v. Hagen*, 30 Colo.App. 127, 489 P.2d 607 (1971).

Here, it was undisputed that an agent of Dyco knew prior to the conveyance of the easement that the land across which the easement ran was going to be sold and that the closing was to occur on August 24. This information was sufficient to put Dyco

on inquiry notice of the existence of the Mizel contract and, therefore, to render the easement subject to Mizel's prior unrecorded interest.

## II.

Dyco next contends that because the Mizel contract granted Mizel only an option to purchase the land, Dyco's recorded easement should have priority. This contention is without merit.

By its express terms, the Mizel contract granted Mizel the right to purchase the property within 30 days after receipt of a title insurance commitment and prohibited the Spears from granting any easements or otherwise encumbering the property during the option period. Because Dyco took the easement subject to these conditions, the easement was nullified upon Mizel's exercise of the option.

## III.

Dyco contends next that Mizel's rights to the easement were extinguished by Mizel's acceptance of a warranty deed which listed the easement among the exclusions from the warranty. We disagree.

It is presumed that a party conveying property by deed intends to convey his entire interest unless a portion of that interest is expressly excepted from the conveyance. *First National Bank v. Allard*, 31 Colo.App. 391, 506 P.2d 405 (1972), *aff'd*, 182 Colo. 297, 513 P.2d 455 (1973). A limitation upon the warranty of title is not such an express exception. *First National Bank v. Allard, supra.* Here, while there was a limitation upon the warranty of title for the easement, there was no exception from the conveyance for the easement.

## IV.

Dyco argues next that the trial court erred in its determination that the road in question was not a public highway. Again, we disagree.

A road over private lands which has been "used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years" is a public highway under § 43–2–201(1)(c),

C.R.S. (1984 Repl.Vol. 17). Here, however, there was ample evidence to support the trial court's finding that use of the road by the public was permissive rather than adverse, including testimony that hunters and fishermen had frequently been prevented from using the road by the Spears. The trial court's determination that the road in question had not become a public highway will not be disturbed on review. *Lang v. Jones*, 191 Colo. 313, 552 P.2d 497 (1976).

## V.

Dyco contends in addition that the trial court erred in failing to enter judgment against the Spears for the purchase price of the easement. We agree.

The Spears expressly represented to Dyco they were "lawful owners" of the road and purported to convey an easement to the road which they in fact no longer had power to grant. Since Dyco received no consideration for the contract price, the Spears are liable to Dyco for restitution of the full amount paid under the contract. *See Ed Hackstaff Concrete, Inc. v. Powder Ridge Condominium "A" Owners Ass'n, Inc.*, 679 P.2d 1112 (Colo.App.1984). This result is unaffected by the fact that Dyco was put on inquiry notice as to the existing executory contract for sale of the land; the inability of the Spears to render the promised performance rendered the contract void *ab initio. City of Arvada v. Concrete Contractors, Inc.*, 628 P.2d 170 (Colo. App.1981).

Dyco's remaining contentions are without merit.

The judgment is affirmed insofar as it quiets title to the road in question to Enerwest, and reversed insofar as it entered judgment for the Spears and against Dyco, and the cause is remanded for entry of judgment for restitution of the purchase price to Dyco.

VAN CISE and METZGER, JJ., concur.