**In re SLACK–HORNER FOUNDRIES COMPANY, Debtor.**

**Jeffrey A. WEINMAN, Trustee, Appellant,**

v.

**George L. SIMONS, Appellee.**

**Civ. A. No. 90 F 1751.**
**Bankruptcy No. 88 B 12928 A.**

United States District Court,
D. Colorado.

Jan. 22, 1991.

Caroline C. Fuller, Fairfield and Woods, P.C., Denver, Colo., for Jeffrey A. Weinman, trustee, appellant.

Robert W. Caddes, Denver, Colo., for George L. Simons, appellee.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

Appellant Jeffrey A. Weinman, Trustee, brings this appeal from the United States Bankruptcy Court for the District of Colorado. The Trustee brought suit against George L. Simons to recover property of the debtor transferred to Simons in an allegedly fraudulent transfer. The bankruptcy court denied relief. The Trustee challenges the bankruptcy court's Findings of Fact, Conclusions of Law and Order

entered on September 14, 1990 and Judgment entered on September 18, 1990.

Appellate jurisdiction is based on 28 U.S.C. § 158 and Rule 8001(a) of the Rules of Practice and Procedure in Bankruptcy. After examination of the briefs and appellate record, the court has determined that oral arguments would not be of material assistance to the determination of this appeal. Bankr.R. 8012. The court has reviewed the briefs by the parties, the record on appeal, and the applicable law. For the reasons stated below, the decision of the bankruptcy court is AFFIRMED.

### I.

Prior to December 1, 1983, the debtor was the record owner of several parcels of real property located in Boulder County, Colorado. Debtor's foundry is situated on this land. On December 1, 1983, the Boulder County Treasurer conducted a tax sale of the property for non-payment of 1982 real property taxes. Simons purchased part of the property for $8,638.34. On December 10, 1987, the Boulder County Treasurer executed a Deed conveying the property to Simons. The Deed was recorded on December 11, 1987 in Boulder County.

Simons paid property taxes on the property from 1983 until 1988. In May of 1988, Simons sold the property to Stellar Industries, Inc. and/or United Financial Operations, Inc. for $170,000. The purchaser defaulted on the note held by Simons. In March, 1989, Simons regained title through foreclosure.

Debtor filed a petition for bankruptcy on September 23, 1988. The Trustee was appointed on October 17, 1989 and has continued to operate debtor's foundry.

### II.

A bankruptcy court's findings of fact will be upheld unless clearly erroneous. *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987); *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 397 (10th Cir.1986); *In re Yeates,* 807 F.2d 874, 876 (10th Cir.1986). Legal conclusions of the bankruptcy court

are subject to de novo review. *Mullet,* 817 F.2d at 679; *Branding Iron,* 798 F.2d at 399–400; *Yeates,* 807 F.2d at 877.

### III.

■ 11 U.S.C. § 548 provides that "[t]he trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred on or within one year before the date of the filing of the petition ..." 11 U.S.C. § 548(a). A transfer may be avoided if the debtor received less that a reasonably equivalent value in exchange for the property and was insolvent on the date of the transfer, or became insolvent as a result of the transfer. 11 U.S.C. §§ 548(a)(2)(A) and (a)(2)(B)(i). "[A] transfer is made when such transfer becomes so far perfected that a bona fide purchaser from the debtor against whom such transfer could have been perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee ..." 11 U.S.C. § 548(d). Federal law governs the time of transfer. State law governs the time of perfection. *E.F. Corp. v. Smith,* 496 F.2d 826, 830 (10th Cir.1974). The bankruptcy court concluded that the debtor had no interest in the real property at the time of the transfer to Simons. We agree.

■ Colorado law clearly details the rights of the debtor and of Simons regarding the property. Prior to the execution of the Treasurer's deed in favor of Simons, the debtor had a right to redeem the property. C.R.S. § 39–12–103(3). All right to redeem expired on December 10, 1987, The purchaser of a property at a tax sale may obtain a treasurer's deed "[a]t any time after the expiration of the term of three years from the date of the sale of any land ... for taxes ..." C.R.S. § 39–11–120(1). When signed, a Treasurer's deed vests "... in the purchaser all the right, title, interest, and estate of the former owner in and to the land conveyed ..." C.R.S. § 39–11–136(1). The debtor's interest in the property therefore terminated on December 10, 1987.

The next crucial determination is when the transfer occurred. Colorado has a race-notice recording statute. C.R.S. § 38–35–109(1). Under Colorado law, recording a deed gives notice of the transfer. A subsequent purchaser cannot attain the status of a bona fide purchaser. The record serves as notice to all later purchasers. *Id.; Arnove v. First Fed. Sav. & Loan Ass'n of Tarpon Springs,* 713 P.2d 1329, 1331 (Colo.App.1985). The deed was recorded on December 11, 1987. On this date, the definition of transfer outlined in § 548(c) was fulfilled. The bankruptcy court correctly concluded that this was the date of the actual transfer. As the debtor's rights to the property had expired on the date of execution of the deed, the debtor had no interest in the property on December 11, 1987. It is therefore not necessary for this court to explore the valuation issues raised. By operation of law, the debtor cannot seek to recover the property as a fraudulent transfer.

The trustee argues that this reasoning leads to the conclusion "... that no transfers of real estate in Colorado are avoidable as fraudulent because a deed is always executed prior to its recordation." Opening Brief of Appellant, filed November 21, 1990, page 5. This is not a case where a debtor voluntarily executed a deed in favor of a purchaser. Simons purchased an interest in the land at the tax sale. Slack–Horner then had a limited amount of time to redeem the land. The debtor failed to do so. By operation of the law, debtor's interest in the land expired upon execution of the deed. The holding in this case is limited by the factual circumstances surrounding the ultimate transfer of the property.

ACCORDINGLY, IT IS ORDERED that the decision of the bankruptcy court is AFFIRMED.