**Darryl PROVINCE, Plaintiff–Appellant,**

v.

**John E. JOHNSON, Jr., Defendant–Appellee.**

No. 94CA0562.

Colorado Court of Appeals, Div. III.

March 23, 1995.

Shaw & Quigg, P.C., Lewis M. Quigg, Pueblo, for plaintiff-appellant.

Raso & Sutterlin, P.C., Gary J. Raso, Pueblo, for defendant-appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Darryl Province, appeals from the summary judgment entered against him quieting title to real property in defendant, John E. Johnson. We affirm.

On August 29, 1988, the owner of certain property entered into a lease and option to purchase agreement (option agreement) with Johnson for the property. The terms of the option agreement required Johnson, who was then living on the property, to make monthly rental payments to the owner for the duration of the lease, which ran from September 1, 1988, to August 31, 1991. It also provided Johnson an option to purchase the property at any time during the lease term. The option agreement was executed and properly recorded on May 3, 1989.

On July 19, 1989, in order to secure repayment of a loan, the owner executed a deed of trust against the property in favor of the bank. That deed of trust was properly recorded by the bank on July 20, 1989.

Johnson exercised his option to purchase the property on September 21, 1990, paid the amount required by the seller, and received a deed for the property. He properly recorded the deed on October 26, 1990.

The former owner of the property subsequently defaulted on the loan and the bank commenced foreclosure proceedings pursuant to C.R.C.P. 120 in Pueblo County District Court in November 1991. Accordingly, the bank mailed Johnson copies of the notice of election and demand for sale, notice of sale, and notice of right to cure or redeem. The Pueblo County District Court authorized the sale of the property and a public trustee's sale was held in February 1992, resulting in a certificate of purchase being issued to the bank. Shortly thereafter, the bank assigned the certificate of purchase to Province. Johnson did not redeem the property, and Province received and properly recorded a deed for the property on July 2, 1992.

Province commenced this action pursuant to C.R.C.P. 105 seeking to quiet his title in the property. Johnson denied Province's claim of superior title and filed a counterclaim seeking to quiet title to the property in himself. The competing claims of superior title were submitted to the trial court on cross-motions for summary judgment.

The trial court found the material facts to be undisputed and concluded that the option agreement created a lien against the property. Further, since the option agreement was recorded prior to the deed of trust under which Province obtained his interest, the court concluded that Johnson had obtained superior title upon exercising his option. Consequently, the trial court entered summary judgment in favor of Johnson, quieting title in him, and Province appealed.

Province contends that Johnson acquired no legally protectable interest in the property by recording his option to purchase. We disagree.

The notice provision of the Colorado Recording Statute provides:

All ... instruments in writing conveying, encumbering, *or affecting the title to* real property ... *may be recorded* in the office of the county clerk and recorder of the county where such real property is situated. No such unrecorded instrument or

document shall be valid against any class of persons with any kind of rights who first records, except between the parties thereto and such as have notice thereof. This is a race-notice recording statute.

Section 38–35–109(1) C.R.S. (1994 Cum. Supp.) (emphasis 1, 3, 5, 6 supplied).

■ The purpose of the recording statute is to notify subsequent purchasers and encumbrancers of the rights such instruments are intended to secure, and therefore, a properly recorded instrument or document affecting the title to property places them on constructive notice of the interests contained therein. *Arnove v. First Federal Savings & Loan Ass'n,* 713 P.2d 1329 (Colo.App.1985).

■ An option to purchase property is an interest affecting title to such property. *See* § 38–35–111, C.R.S. (1982 Repl.Vol. 16A). Here, the option agreement was properly recorded pursuant to § 38–35–109(1) on May 3, 1989. Consequently, Province was deemed to have notice of Johnson's interest in the property and, specifically, his option to purchase the property. *See Arnove v. First Federal Savings & Loan Ass'n, supra.*

Province next asserts that Johnson's interest in the property did not attach until he exercised the option and recorded the deed. Once again, we disagree.

■ Generally, an optionor may convey interests in property already subject to an option. The fact that an owner of real property has given another person a binding option to purchase such property does not preclude the owner from conveying an interest in that property to yet another individual; however, the purchaser acquires such interest subject to the option, and the holder of the option has a superior interest which is protected against subsequent purchasers who have notice thereof pursuant to the recording statute. *Connolly v. Des Moines & Central Iowa Ry. Co.,* 246 Iowa 874, 68 N.W.2d 320 (1955).

■ No Colorado case has specifically addressed the question whether the interest acquired by the exercise of an option to purchase property is superior to that acquired through a foreclosure of a deed of trust where the option was granted and recorded prior to the grant and recording of the deed of trust, and was exercised prior to the foreclosure upon that deed of trust. However, all the jurisdictions that have considered that issue have uniformly concluded, in accord with the reasoning expressed in *Connolly,* that a person exercising an option to purchase real property has priority over the person who, after the granting of the option and before its exercise, purchased the property with notice thereof. *Connolly v. Des Moines & Central Iowa Ry. Co., supra; see also Wiener v. Farm Credit Bank,* 759 F.Supp. 510 (E.D.Ark.1991); *Claremont Terrace Homeowners Ass'n v. United States,* 146 Cal.App.3d 398, 194 Cal.Rptr. 216 (1983); Annot., *Exercise of Option as Affecting Rights Intervening Between Giving and Exercise of Option,* 50 A.L.R. 1314 (collecting cases). We elect to follow the reasoning expressed in those cases.

"One thing is certain under all authorities: the optionee is not to lose any of his [or her] rights under the option by the conveyance to one with knowledge of the option." *Connolly v. Des Moines & Central Iowa Ry. Co., supra,* 246 Iowa at 890, 68 N.W.2d at 329.

Therefore, since Province acquired the property via foreclosure of a deed of trust granted and recorded more than two months after the granting and recording of the option, and since he had constructive notice of the option, he took his interest subject to it. Accordingly, when Johnson exercised his option to purchase the property, Province's interest in the property was extinguished.

Finally, Province contends that the trial court erred in concluding that the recorded option agreement constituted a lien. However, in light of our disposition of his other contentions, we need not address this issue here.

Province raises new arguments for the first time in his reply brief, but because they are not properly before us we decline to address them. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

Accordingly, the judgment is affirmed.

HUME and SMITH *, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).